Clarence TUCKER, Jr., et al., Plaintiffs,

v.

PAXSON MACHINE COMPANY et al., Defendants.

No. 78–271C(1).

United States District Court,
E. D. Missouri, E. D.

July 23, 1979.

Elizabeth Kennedy, Chopin & Kennedy, St. Louis, Mo., Timothy J. Boone, Columbus, Ohio, for plaintiffs.

Charles E. Gray, Gray & Ritter, Gerre S. Langton, Evans & Dixon, St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon the motion of defendant J.M.L. Trading Corporation to quash service and to dismiss for lack of in personam jurisdiction, Rule 12(b)(2) of the Federal Rules of Civil Procedure.

By a prior order of this court, the parties were allowed to conduct limited discovery into the jurisdictional issue. Most of the facts relevant to the jurisdictional issue are contained within the memorandum and order of this court filed October 25, 1978. The only additional matter adduced through discovery relevant to plaintiff's claim that defendant J.M.L. Trading Corporation had minimum contacts with Missouri, *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) or purposely availed itself of the privilege of conducting activity within Missouri, *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) is that J. M. Lehmann Co., Inc., J.M.L. Trading Corporation's corporate predecessor, fabricated ten rubber processing machines from components supplied by contractors and exported them to Peru, and also that J. M. Lehmann Co., Inc. purchased a customer list of William R. Thropp & Sons Corp.

In the opinion of this court, there are not sufficient minimum contacts to satisfy the due process requirement and to exercise in personam jurisdiction over defendant J.M.L. Trading Corporation. Of the five operative factors outlined by the United States Court of Appeals for the Eighth Circuit in *Electro-Craft Corp. v. Maxwell Electronics Corp.*, 417 F.2d 365, 368 (8th Cir. 1975); and *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965), only two weigh in plaintiff's favor. Those are (1) the interest of the forum state in providing a forum for its residents; and (2) the convenience of the parties. However, the factors considered to be of primary importance by the Eighth Circuit, (1) the quantity of the defendant's contact with the forum state; (2) the nature and quality of those contacts; and (3) the relationship between the cause of action and the contacts are decidedly in defendant J.M.L. Trading Corporation's favor. *See, e. g., Gardner Engineering Corp.*

*v. Page Engineering Co.*, 484 F.2d 27, 31 (8th Cir. 1973); *Thompson v. Ecological Science Corp.*, 421 F.2d 467, 469 (8th Cir. 1970).

Accordingly, this court finds that there are not sufficient minimum contacts to satisfy the due process requirement as set out in *International Shoe Co. v. State of Washington, supra,* nor has defendant J.M.L. Trading Corporation purposely availed itself for the privilege of conducting activities within the State of Missouri, thus invoking the benefits and protection of its laws. *Hanson v. Denckla, supra,* 357 U.S. at 253, 78 S.Ct. at 1239. Under the circumstances, this court believes it is unreasonable to require defendant J.M.L. Trading Corporation to defend this product liability action in Missouri.